IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PATRICK CHARLES, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   CIVIL ACTION NO. _____ |
| EXETER FINANCE CORP., | ) |
| | ) |
|        Defendant. | ) |
| | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, defendant Exeter Finance Corp. ("Exeter"), appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, any and all defenses under the federal laws of bankruptcy and specifically preserving the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.*, gives notice of the removal of this action from the District Court for Fort Bend County, Texas, to the United States District Court for the Southern District of Texas, Houston Division. As grounds in support of this removal, Exeter states as follows:

### I. INTRODUCTION

1. Plaintiff Patrick Charles ("Plaintiff") commenced this action by filing a petition against Exeter in the District Court for Fort Bend, Texas, Case No. 15-DCV-226321 on or about September 11, 2015. *See* Plaintiff's Complaint and Original Petition (hereinafter "Petition").

2. The Petition purports to assert a number of claims against Exeter relating to a retail installment sales contract signed by Plaintiff to finance the purchase of a vehicle, as well as Exeter's servicing activities regarding the contract. *See generally*, Petition.

28542706 v1

3.      Based on Plaintiff's factual allegations, Plaintiff's Petition asserts a federal claim against Exeter under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq.  *See* Petition at p. 7.

4.      Additionally, on or around November 14, 2016, Plaintiff filed a "Notice to Amend Answer Filed by Plaintiff to Defendant's Objections and Defence filed on 11/4/2016," which alleges that "Defendant violates the Fair De[b]t Collection Practice Act, [F]DCPA, 15 U[.]S.C[.] 1692 and Telephone Consumer Protection Act TCPA 47."  *See* Plaintiff's Notice to Amend Answer (Nov. 14, 2016), at p. 2.

5.      This case is properly removable pursuant to 28 U.S.C. § 1441 because federal question jurisdiction is present.  Section 1441 provides, in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

## II. FEDERAL QUESTION JURISDICTION

6.      Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Removal jurisdiction based upon a federal question exists when a federal question is presented on the face of a plaintiff's complaint.  *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).[1]

7.      This is a civil action arising under the Constitution, laws, or treaties of the United States, because Plaintiff has asserted an alleged violation of the FDCPA, which is a federal

---

[1] To the extent the initial pleading is not removable, a defendant may file a notice of removal within thirty days after receipt by defendant of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  *See* 28 U.S.C. § 1446(b)(3).

consumer protection statute. *See* Petition at p. 2. Plaintiff also alleges a "violation of Title XVIII [of] the Social Security Act under the United States Code Title 42, Section 395 and 396." *See* Petition at p. 9.

8. Accordingly, Plaintiff's claims arise under the laws of the United States and could have been originally filed in this Court. *See* 15 U.S.C. § 1692, et seq.; *French v. EMC Mortg. Corp.*, 566 F. App'x 285, 287 (5th Cir. 2014) (affirming removal to federal court where plaintiff asserted FDCPA violation); *see also Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 753 (2012) ("Federal courts have § 1331 jurisdiction over claims that arise under federal law").

### III. ADOPTION AND RESERVATION OF DEFENSES

9. Nothing in this notice of removal shall be interpreted as a waiver or relinquishment of any of Exeter's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

### IV. PROCEDURAL REQUIREMENTS

10. This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

11. Pursuant to 28 U.S.C. § 1446(a) and the Southern District of Texas Local Rule 81, Exeter has attached hereto the following materials:

- **Exhibit A:** All executed process in the case[2];

---

[2] Exeter is filing court records obtained from the Fort Bend County District Court's website. Exeter also has requested official copies from the state court and will file them once received.

- **Exhibit B:** Pleadings asserting causes of action, e.g. petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings[3];

- **Exhibit C:** All orders signed by the state judge[4];

- **Exhibit D:** The docket sheet;

- **Exhibit E:** An index of matters being filed; and

- **Exhibit F:** A list of all counsel of record, including addresses, telephone numbers and parties represented.

12. This Notice of Removal is filed within the time frame set forth in 28 U.S.C. § 1446, as Exeter has never been properly served with process. On November 1, 2016, Exeter filed an Answer to Plaintiff's Petition without ever having been served.

13. Exeter has heretofore sought no similar relief.

14. The United States District Court for the Southern District of Texas, Houston Division, is the court and division embracing the place where this action is pending in state court.

15. Contemporaneously with the filing of this notice of removal, Exeter has filed a copy of same with the clerk of the District Court for Fort Bend County, Texas and a notice of filing notice of removal. Written notice of the filing of this notice of removal has also been served upon the Plaintiff.

16. Exeter reserves the right to supplement this notice of removal by adding any jurisdictional defenses that may independently support a basis for removal.

---

[3] Exeter is filing court records obtained from the Fort Bend County District Court's website. Exeter also has requested official copies from the state court and will file them once received.

[4] Exeter is filing court records obtained from the Fort Bend County District Court's website. Exeter also has requested official copies from the state court and will file them once received.

**WHEREFORE**, Exeter prays that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the District Court for Fort Bend County, Texas, to the United States District Court for the Southern District of Texas, Houston Division.

Respectfully submitted this 22nd day of November, 2016.

*s/ Reid S. Manley*
Reid S. Manley
Texas Bar No. 24047520
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
rmanley@burr.com

Attorney for Defendant
EXETER FINANCE CORP.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been served on the following by Electronic Filing, and/or by U.S. First Class Mail, hand delivery, fax or email on this 22nd day of November, 2016:

Patrick Charles
6722 Rowell Court
Missouri City, Texas 77489

*s/ Reid S. Manley*
OF COUNSEL
