*Court.*

IN THE UNITED STATES DISTRICT COURT OF THE COUNTY OF FORTBEND

TEXAS, CIVIL DIVISION.                          $

PATRICK CHARLES                                 $        CASE NUMBER

6722 ROWELL COURT                               $        15 - DCV - 226321

MISSOURI CITY, TEXAS, PLAINTIFF                 $

                                                $              268

 PLAINTIFF,                                     $

- VS                                            $

 EXETER FINANCE CORP.P.O BOX166088              $

IRVING, TEXAS 75016                             $

DEFENDANT,_____$_____

COMPLAINT: ORIGINAL PETITION TO THE _____

HONORABLE DISTRICT JUDGE OF FORT BEND COUNTYCOURT.

_____

PATRICK CHARLES IS AN INDIVIDUAL AND RESIDENT OF FORTBEND

COUNTY, TEXAS, ADDRESS. ███████████████████████

███████

DEFENDANT EXETER FINANCE IS AN AUTO FINANCIAL CORPORATION,

LOCATED AT P.O. BOX 166008, IRVING TEXAS 75016 TELEPHONE NUMBER

1800- 321-9637/ 281-2489748

THE JURISDIDICATION AND REVENUE:

-----------------------------------------------------------------

THE COURT JURISDIDICATION OVER THE DEFENDANT BECAUSE THE

INCIDENT MADE THE BASIS OF THIS SUIT, BECAUSE THE CLAIM

FILED

2015 SEP 11   AM 11: 49

15 - DCV - 226321
PETID
Petition
3767055

EXHIBIT

*B*

CLERK DISTRICT COURT
FORT BEND CO. TX

OCCURRED IN FORT BEND COUNTY TEXAS, THE COURT HAS

JURISDICATION OVER THE CONTROVERSY BECAUSE THE DAMAGES ARE

IN EXCESS OF THE MINIMUM  JURISDICATION LIMIT OF THE COURT.

THE VENUE IS PROPER IN FORT BEND TEXAS BECAUSE THE DEFENDANT IS

A FINANCIAL INSTITUTION WHO DOES BUSINESS IN FORT BEND COUNTY

TEXAS.

COMPLAINTS OR EVIDENCES LEADING TO THIS SUIT TO THE HONORABLE

JUDGE.

INTRODUCTION

THIS CIVIL ACTION IS BEING FILED BY PLAINTIFF PATRICK CHARLES

AGAINST EXETER FINANCE CORPORATION, DEFENDANT OR EXETER

FINANCIAL CORPORATION, FOR VIOLATION OF THE FAIR DEBT

COLLECTION PRACTICE ACTS, SUBCHAPTER SEC.392.301-3003

HARRASSMENT, ABUSE TO A DISABLED ELDERLY, VIOLATION OF HUMAN

RESOURCES CODE 1002-1003, EMOTIONAL DISTRESS, BAD DEBT

COLLECTION PRACTICE, DAMAGES TO AN ELDERLY, EXPLORATION,

WHICH HAS CAUSED FINANCIAL HARDSHIP TO PLAINTIFF, EMOTIONAL

DISTRESS, MENTAL ANGUISH, DAMAGE TO PLAINTIFF'S PERSONAL

CREDIT, REPOSSESSION OF VEHICLE, HARRASSMENT CALLS EVEN AFTER

THE VEHICLE WAS REPOSSESSED, WHEN IN FACT, DEFENDANT PROMISED

PLAINTIFF THAT ALL CALL WILL CEASE. SEE ATTACHED LETTER SENT

TO PLAINTIFF AND CONSUMER PROTECTION BEREAU.

PLAINTIFF PATRICK CHARLES, STATES THAT, THE FACTS AND CONTENTS

IN THIS SUIT IS WRITTEN WITH PLAINTIFF'S FIRST HAND

KNOWLEDGE, AND SOLEMNLY SWEAR, DEPOSEED, SAY AND DECLARE,

THAT THE PLAINTIFF HAS PERSONAL KNOWLEDGE AND BELIEF OF THE

FACTS STATED THEREIN. ALL THE FACTS STATED THEREIN ARE TRUE,

CORRECT, AND COMPLETE, NOR MISLEADING, THE TRUTH

AND NOTHING BUT THE TRUTH.

DEFENDANT, EXETER FINANC CORP. WAS FOUNDED IN 2008, 2 YEARS

LATER, NAVIGATION INVESTMENT INVESTED IN EXETER FINANCE, CORP.

IN 2011 EXETER FINANCE WAS ACQUIRED BY BLACKSTONE, IN 2012

EXETER FINANCE CORP. EXPERIENCED UNPREDENTED GROWTH AND

SUCCESSFULLY COMPLETED ITS FIRST BACKED SECURIZATION, TODAY

EXETER FINANCE SERVES DEALERS AND CUSTOMERS FROM COAST TO

COAST.


.IN 12/31/ 2011 PLAINTIFF PURCHASED A 2007 NISSIAN QUEST 3.5 ENGINE,

SERIAL NUMBER, █████████9444 FROM GILLMAN NISSIAN CAR

DEALERSHIP, 2061 SOUTHWEST FREEWAY, IN ROSENBURG, TEXAS.

EXETER FINANCIAL COORPORATION FINANCED THE 2007 NISSIAN AT A

HIGH INTEREST RATE OF 21% EXETER FINANCE COORPORATION TOOK

ADVANTAGE OF THE SITUATION DUE TO THE FACT THAT PLANTIFF WAS

STRANDED WITHOUT A CAR TO DRIVE AND HIS CREDIT WAS VERY BAD,

THEREFORE, PLAINTIFF   HAD AN OPERATION TWO DAYS BEFORE, AND

DID NOT HAVE A THE FULL

KNOWLEDGE IN PURCHASING A VEHICLE, BEING DISABLED, ELDERLY,

THEREFORE, PLAINTIFF SIGNED THE CONTRACT UNDER MUCH DURESS.

THE TOTAL PURCHASED PRICE FOR 2007 NISSIAN QUEST WAS $12580.00

WITH PLAINTIFF PUTTING A DOWN PAYMENT OF $1000.00 THE VAN WAS

FINANCED FOR 49 MONTHS, WITH A MONTHLY PAYMENT OF $392.56 AND

A HIGH MILAGE OF 87158.

  PLAINTIFF PATRICK CHARLES WILL PAY IN THE AMOUNT OF

$19842.88 FOR THE 2007 NISSIAN QUEST AFTER 49 PAYMENTS ARE MADE.

 ACCORDING TO CAR FAX ASSESSMENT, THE VEHICE PRICE IS WORTH

ONLY $1050.00 , SEE ATTACHED DOCUMENT

ON THE VALUE OF THE VEHICLE, THIS VAN WAS PURCHASED AT THE

AUCTION, IT'S A LEMON VEHICLE, PLAINTIFF EXPERIENCED SEVERAL

BRAKE DOWNS WITH THIS NISSIAN QUEST, BEING STRANDED ON THE

STREET ON VARIOUS OCCASIONS WITHOUT ANY VEHICLE TO DRIVE. SEE

COPY OF CONTRACT EXHIBIT (  1.) CAR FACT ESTIMATED VALUE.

( 2) COPY OF TELEPHONE LOGS WHERE EXETER FINANCE CONTACTED

PLAINTIFF OVER THREE OR MORE TIMES PER DAY, (3) LETTERS OF

COMPLAINTS TO CONSUMER PROTECT BEREAU ( ) FEDERAL TRADE

COMMISSION BEREAU.

( 5) LETTER OF RESPONSE TO THE CONSUMER PROTECTION BEREAU FROM

EXETER FINANCE CORP (6) COPY OF THE FAIR DEBT COLLECTION   CODE

392 RULES OR LAWS DEFENDANT/ EXETER IS GUILTY OF VIOLATING THIS

CODE THROUGH MALICIOUSLY TRYING TO COLLECT THIS DEBT BY

UNWANTED TELEPHOME CALLS, ABUSIVE, FRAUDULENT,CALLS,SUCH AS
THREATIUNG VIOLENCE, MAKING REPEATED TELEPHONE CALLS AT
INCONVENTIENT HOURS, HARRASSING CALLS, THREATING LEGAL
ACTIONS UNLESS THE DEBT IS PAID II FULL.

WHILE PLAINTIFF IS TRYING TO RECORPORATE FROM THIS PROCEDURE
WITH MUCH PAIN. DEFENDANT'S ACTION WAS WILLFUL MALICEOUS ,
STATEMENTS TO PLAINTIFF THAT CALL WILL CONTINUE UNTIL
MAYMENTS ARE MADE. DEFENDANT'S ACTION HAS CAUSED MUCH PAIN
TOA DISABLED ELDERLY PERSON, PLAINTIFF HAS SUFFERED AND WILL
CONTINUE TO SUFFER. DEFENDANT HAS VIOLATED THE HUMAN
RESOURCES CODE 102.003, AND ELDERLY RIGHT.

ATTACHED COPY OF PAYMENT HISTORY MADE TO EXETER FINANCE.
GILLMAN AND EXETER FINANCE SOLD TO PLAINTIFF A REPOSSED VAN
BOUGHT FROM THE AUCTION, OF WHICH THIS WAS NOT MADE KNOWN TO
PLAINTIFF BY THE GILLMAN CAR DEALERSHIP, THE INFORMATION WAS
UNDISCLOSEABLE AND CONSEALED TO PLAINTIFF, PATRICK CHARLES,
PLAINTIFF WAS NOT EXPECTING TO GO A LARGE DEALERSHIP AS
GILLMAN TO PURCHASE AN AUCTION VAN, WHICH ISA LEMON, THE 2007
NISSIAN QUEST WAS SOLD TO ME ABOVE THE PRICE BOUGHT FROM THE
AUCTION. I HAVE EXPERIENCED SEVERAL PROBLEMS WITH 2007 NISSIAN
QUEST SUCH AS IT STOPPING ON THE STREETS ON THREE OCCASIONS AND
NOT ABLE TO DRIVE IT AND HAD TO BE TOWED ON THREE TIMES TO DOAN
MECHANICAL SHOP LOCATED AT 1652 ROCKWELL STREET MISSOURI CITY

TEXAS, 77489, FOR REPAIRS DONE ON THE VEHICLE, THE EXPENSES
OCCURRED CAME AS EXPENSE TO PLAINTIF. THE 2007 NISSIAN QUEST
WITH ACCOUNT NUMBER# ▮4696, WAS FINANCED WITH INTEREST RATE
OF 21% FOR 49 MONTHS WITH A MONTHY PAYMENTS OF $392.56.  PAID
MONTHLY TO EXETER FINANCED CORP, PLAINTIFF PATRICK CHARLES
HAVE MADE (15) PAYMENTS TO DEFENDANT, EXETER FINANCE
CORP. AS OF BEFORE REPOSESSION, APRIL26 TH, 2013, PLAINTIFF HAD
THREE OPERATIONS IN BOTH EYES AND POSTRATE SURGERY. PLAINTIFF
INFORMED EXETER FINANCE CORP. (DEFENDANT ), ABOUT HIS HEALTH
SITUATION AND ALSO ABOUT THE LEMON VAN WHICH IS BROKEN DOWN,
GILLMAM STERLING NISSIAN ON WEST AIRPORT INFORMED  PLAINTIFF,
THAT IT WILL COST ABOUT $9227.00 TO DO REPAIRS ON THE 2007 NISSIAN
QUEST; BECAUSE THERE IS A NEED FOR A NEW ENGINE, IT WOULD COST
MORE TO REPAIR THE VAN THAN ITS PRESENT VALUE WHICH IS $1050.00,
BUT DEPENDANT CONTINUE TO HARRASS, ABUSE, ANNOYED, WITH
THREATENING CALLS, I INFORMED EXETER THAT I AM SICK,
RECOPORATING WITH MUCH PAINS BUT CONTINUED TO RECEIVE 6 TO 7
CALLS PER DAY FROM EXETER FINANCE CORP.  DEFENDAND OR AGENTS
SAID, CALLS WILL CONTINUE UNLESS THEY RECEIVE PAYMENTS FOR THE
CONTRACT WAS SIGNED BY ME THEREFORE, PAYMENTS MUST BE MADE
IN ORDER FOR CALLS TO BE STOPPED, THE CALLS WERE HARASSING,
ABUSING, OPPOSSING, UNWELCOMING, INCONVIENCING, INTIMIDATING,
ABUSIVE, THREATENING CAUSING PHONE TO RING TO HARRASS TO

ANNOY  PLAINTIFF WHO IS  DISABLED, ELDERLY PERSON, IN VIOLATION

OF THE FAIR DEBT COLLECTION .PRACTICE  ACT . SECTION .392.301-3003

SEE EXIBIT AND VIOLATION OF THE HUMAN RESOURCES CODE/ ELDRELY

RIGHTS. HUMAN RESOURCE CODE 102 .003

SEE ATTACHMENT. THE THREATENING CALLS COMMENCES FORM

7/2013 TO SEPEMBER 2013. THE CALLS BECAME UNBEARABLE UNTIL I

REPORTED IT TO THE CONSUMER PROTECTION BEREAU AND THE

FEDERAL TRADE –COMMISSION, THE CALLS WHICH WERE THREATENING,

ANNOYING, CAUSED EMOTIONA L PAIN, MENTAL ANGUISH, DEPRESSION,

AND ELEVATED MY HIGH BLOOD PRESSURE ON VARIOUS OCCASIONS,

EXETER FINANCE CORP, IS IN VIOLATION OF THE FDCPA 15 USC FOR|

HARRASSING, OPPOSING, ABUSING, INCONVIENCING, HARMING AN

ELDERLY AND DISABLED PERSON.

EXETER FINANCE INFORMED ME THAT CALLS WILL CONTINUE, PLAINTIFF

WAS ABUSED, THREATENED, INTIMIDATED, ANNOYED WITH LONG

TELEPHONE CALLS, CALLS WHICH WERE INCONVIENCED TO ME WHILE

TRYING TO RECORPORATE FROM SURGRIES AND MUCH PAIN.

 EXETER FINANCE CORP. WOULD PLACE HARRASSING CALLS

WOULD HARRASSED, CAUSED MENTAL ANGUISH, DEPRESSION, WITH

MUCH WORRY AND ELEVATED OF MY HIGH BLOOD PRESSURE, MANY

TIMES, THE TELEPHONE CALLS WERE MADE TO A DIASBLED VULNERABLE

ADULT WHO WAS SICK WHICH AFFECTED ME PHYSICALLY AND

EMOTIONALLY AND BROUGHT MUCH DISTRESS. I  HAD NO OTHER NO

CHOICES BUT TO   FILED A COMPLAIN WITH FEDERAL TRADE COMMISSION

AND THE CONSUMER PROTECTION BEREAU IN SEPEMBER 5TH 2013 IN

ORDER TO STOP THE HARRASSING, ABUSE, THREATS, INTOLERABLE AND

ANNOYING CALLS, USING DECEPTIVE TRADE PRACTICE IN ORDER TO

COLLECT A DEBT, EXETER FINANCE CORP. ADMMITTED TO THE

COMSUMER PROTECTION THAT THE CALLS WERE MADE IN AN ATTEMPT

TO COLLECT A DEBT BUT VIOLATED FDCPA ACT, HARRASSING,

ABUSING CALLS 6 TO 7 TIMES PER DAY.  SEE ( EXHIBIT G) (LETTER FROM

DEFENDANT, EXETER FINANCE CORP. I RECEIVED AN ACCELERATION

LETTER FROM EXETER CORP. WITH BALANCE OF $10, 9640.00 OWED AND

INTENTION AND THREAT TO REPOSSED THE VAN, THE VAN WAS

REPOSSED ON 12/6/2013.INSPITE OF TRYING TO MAKE PAYMENTS.

PLAINTIFF, PATRICK CHARLES HAVE MADE 15 PAYMENTS @ $392.56 FOR 21

MONTHS (SEE EXIBIT H) EXTER FINANCE CONTINUED WITH COLLECTION

CALL EVEN THOUGH I INFORMED THEM THAT CALL MUST BE STOPPED,

AND EXTER FINANCE TOLD CONSUMER PROTECTION BEREAU THAT CALLS

WILL BE STOPPED, BUT CALLS CONTINED ENEN WHEN THE VAN WAS

REPOSSED.  CALLS WERE  MADE BY EXTER FINANCE., A CALL WAS MEDE

BY POSIA ON 11/25/ 2013 ONE OF EXETER AGENTS.

PAYMENT STATEMENTS AND HISTORY.  AS OF NOVEMBER 25TH 2013,

DEFENDANT, EXETER FINANCE CORP. STILL CLAIMED THAT I OWE

$10,9640.00 IT MIGHT PROBABLE BE $11,000 AS OF THIS DATE ECEMBER 6TH,

2013, THIS IS ALMOST THE AMOUNT THAT GILLMAN SOLD THE VEHICLE TO

ME.  I HAD AN APPRAISAL DONE OF THE 2007 QUEST ON 11/23/2013 THE

ACTUAL VALUE AS OF THIS DATE IS $1,050.00 SEE EXIBIT ( F) APPRASIAL

VALUE SHEET FROM CARFAX, EXETER FINANCE CORP. WANTS TO

COLLECT ALMOST $11,000.00 AFTER 15 PAYMENTS IN THE AMOUNT OF

$392.56 MONTHLY, THIS IS TAKING ADVANTAGE OF AN ELDERLY,

DISABLED, ABUSE, AND ALSO IS EXPLORATION OF AN ELDERLY.

DEFENDANTS GILLMAN NISSIAN/ EXETER FINANCE IS IN ERROR,

THEREFORE, PLAINTIFF IS SEEKING MONETARY DAMAGES IN THE

AMOUNT FOR TWO MILLION DOLLARS FOR VIOLATING OF FCDPA, ACT

 UNFAIR LENDING PRACTICE/ DECEPTIVE TRADE PRACTICE SELLING A

A LEMON VAN, SELLING A THE 2007 ABOVE THE AUCTION PRICE, ALSO

SELLING A HIGH INTEREST RATE OF 21%, THIS IS VIOLATION OF THE FAIR

DEBT COLLECTION PRACTICE ACT (FDCPA) ABUSIVE CALLS, ANNOYING

CALLS, THREATENING CALLS, HARRASSING CALLS CALL WHICH HAS

CAUSED PHYSICAL HARM/ MENTAL ANGUISH FOR OVER 3 MONTHS,

VIOLATION OF TITLE XVIII THE SOCIAL SECURITY ACT UNDER THE

UNITED STATES CODE TITLE 42, SECTION 395 AND 396,

ABUSE, NEGLECT AND EXPLORATION OF AN ELEDELY, TAKING

ADVANTAGE OF AN ELDERLY TO MAKING MONETARY GAIN, DEFENDANT,

EXETER FINANCE PICK UP MY VEHICLE ON 12/7 2013, AT 12.25 P.M. IT WAS

PICKED UP BY LIEN ENFORCEMEN, R.S. RICHARDS OF 1414 RICHY STREET

PASADENA, TEXAS 77502. TELEPHONE NUMBER 713933-7643/ 512-3947376.

ON 12TH DECEMBER 2013, AFTER THE VAN WAS REPOSSED, PLAINTIFF

RECEIVED CALLS FROM EXETER FINANCE CORP. ON 12/11/13,/12/13/13/

12/14/13 AND ONE LETTER INDICATING THAT PAYMENT IN THE AMOUNT

OF $1707.58 IS DUE ON 12/14/13, WITH A TOTAL BALANCE OF $10964.00, THE

LAST CALL WAS MADE BY RACHAEL AN AGENT FOR EXETER CORP.

DEFENDANT, FINANCE CORP. IS STILL IN VIOLATION OF THE FAIR DEBT

COLLECTION CREDIT FOR HARRASSING PLAINTIFF FOR PAYMENTS EVEN

WHEN THE VAN WAS REPOSSED, EXETER INFORMED THE CONSUMER

PROTECTION BEREAU AND

AND DEFENDANT, THAT ALL CALLS WILL BE STOPPED AS OF ON

SEPTEMBER 12TH, 2013, BUT EXETER FINANCE, CONTINUED TO PLACE

CALLS TO ME FOR PAYMENTS AND SEND BILLING STAYMENTS

REQUESTING FOR PAYMENTS FOR THE 2007 NISSIAN QUEST VAN, THIS IS

STILL IN VIOLATION OF THE FDCPA. HARRASSING A CONSUMER FOR

PAYMENTS WHEN CONSUMER / PLAINTIF INFORMED EXETER FINANCE

CORP.THERE MUST BE NO TELEPHONE CALLS AND CONSUMER

PROTECTION BEREAU THAT ALL CALLS WILL CEASE BUT EXETER

FINANCE VIOLATED AND CONTINUE TO HARRASS PLANTIFF WITH

TELEPHONE CALLS ALSO RECEIVED A BILLING STATEMENT. SEE

ATTACHED DOCUMENT.

PLAINTIFF SEEKS RELIEF FOR DAMAGES FOR EXPLORATION TO A

DISABLED ELDERLY PERSON, VIOLATION TO THE FAIR BEBT COLLECTION

PRACTICE ACT,

EMOTIONAL ANGUISH, OR DISTRESS, INCONVIENCE, VIOLATION OF

HUMAN RESOURCE CODE, EXPLORATION, 1002-1003

FINANCIAL HARDSHIP, ABUSE TO AN ELDERLY AND COURT COST,

MESSING UP PLAINTIFF'S PERSONAL CREDIT AS A RESULT OF

ALL EXPENSES ASSOCIATED IN FILING THIS SUIT. PLAINTIFF PRAYS THAT

ALL PAYMENTS MADE TO EXETER FINANCE CORP. BE RETURNED, FOR

REPOSSESION OF MY VAN. PLAINTIFF PRAYS THAT

DEFENDANT PAYS TO PLAINTIF TWO MILLION DOLLARS FOR DAMAGES.

PRAYS THAT THE HONORABLE JUDGE WILL GRANT RELIEF AND GRANT

MY REQUESTS FOR UNDUE INJUSTICE AND DAMAGES DONE TO PLAINTIFF

BY DEFENDANT, (EXETER FINANCE) PLAINTIFF HAS SUFFERED, AND WILL

CONTINUE TO SUFFER DAMAGED, PLAINTIFF IS REQUESTING THAT THE

HONORABLE JUDGE AND THIS COURT FOR A JURY TRIAL IN THIS CASE,

AND THE TELEPHONE LOG FROM SIMPLE MOBILE BE SUBPOENED FOR

YEAR 2013-2014. ADDRESS IS 9700 N. WEST 112 AVENUE, MEDLEY FLORIDA,

33178. FAX NUMBER 305-715-6932. TELEPHONE NUMBER 1877-878-7908

SINCERELY SUBMITTED:

PATRICK CHARLES

STATE OF TEXAS, COUNTY OF FORTBEND

THIS INSTRUMENT WAS ACKNOWLEDGE BEFORE ME ON THE ----------DAY

OF -------------- 20----

BY---------------------------                              (SEAL) Notary Public.

PRAYS THAT THE HONARABLE JUDGE WILL GRANT RELIEF AND GRANT

MY REQUESTS FOR UNDUE INJUSTICE AND DAMAGES DONE TO PLAINTIFF

BY DEFENDANT, (EXETER FINANCE) PLAINTIFF HAS SUFFERED, AND WILL

CONTINUE TO SUFFER/ DAMAGED, PLAINTIFF IS REQUESTING THAT THE

HONORABLE JUDGE AND THIS COURT FOF A JURY TRIAL IN THIS CASE,

AND THE TELEPHONE LOG FROM SIMPLE MOBILE BE SUBPOENED FOR

YEAR 2013-2014. ADDRESS IS 9700 N.WEST 112 AVENUE, MEDLEY FLORIDA,

33178. FAX NUMBER 305-715-6932. TELEPHONE NUMBER 1877-878-7908

SINCERELY SUBMITTED:

PATRICK CHARLES          x _Patrick Charles_
                            Signature

STATE OF TEXAS, COUNTY OF FORTBEND

THIS INSTRUMENT WAS ACKNOWLEDGE BEFORE ME ON THE ------07th-----DAY

OF __July_____ 20--15---------------

BY-------------------------------------------------------------------------
-                        NOTARY REPUBLIC

INCONVIENCES , ANNOYING CALLS, REPEADED CALLS FOR OVER 4 TIMES PER DAY WHILE RECORPORATING FRON FROM AN OPERATION, UNBEARABLABLE CALLS, CALLS WERE PLACED EVEN AFTER HE 2007  NISSIAN VAN  WAS REPOSSED BY YOUR COMPANY. SERIAL NUMBER ████████9444. ACCOUNT NUMBER ██████

THIS LETTER OF INTENT SHALL SERVE AS YOUR FORMAL NOTICE OF PATRICK CHARLES INTENT TO COMMENCE LEGAL PROCEEDINGS AGAINST YOUR COMPANY / EXETER FINANCE IN RESPECT TO THE MATTER LISTED ABOVE.

IN THE EVENT YOU WISH TO RESOLVE AND SETTLE THIS MATTER PRIOR TO LEGAL PROCEDING BEING COMMENCED AGAINST YOU, PLEASE CONTACT PATRICK CHARLES AT THE ADDRESS LISTED ABOVE IN WRITING WITHIN 30 DAYS, THIRTY DAYS.

PLAINTIFF SEEKS 2 MILLION DOLLARS FOR SETTLEMENT.

FAILURE BY PATRICK CHARLES TO RECEIVE A WRITTEN REPLY FROM YOU WITHIN 30 DAYS , YOUR INTENTION OF RESOLVING THIS MATTER , PATRICK CHARLES WILL TAKE ANY AND ALL ACTIONS NECESSARY FOR THE COMMENENCEMENT OF LEGAL PROCEDINGS IN THE COURTS OF APPLICABLE JURISDICATION AND WILL BE SEEKING COST  ACTION AGAINST YOU IN RESPECT OF THE SAME.

YOURS VERY TRULY,

PATRICK CHARLES



**Exeter**
finance corp

P.O. BOX 166008
Irving, TX 75016

August 31, 2015

Patrick Charles

Re: ████1001

Dear Mr. Charles

This letter is in response to your recent letter received on August 14, 2015 regarding collection calls. Exeter Finance Corp. ("Exeter") is committed to providing best in class customer service so we have thoroughly investigated your concerns and made the following determination.

On December 31, 2011, you signed a Retail Installment Contract and Security Agreement ("Contract") for the purchase of your vehicle.  Your Contract payment schedule stated 49 monthly payments of $392.56 beginning February 14, 2012.

The phone calls or call attempts have been our effort to obtain full payment or acceptable payment arrangements only after the due date has passed.  On September 25, 2013, we placed your account in a cease and desist status in response to a complaint received in our office through the Consumer Finance Protection Bureau (CFPB).  The vehicle was repossessed on December 9, 2013 due to the delinquency of the account and sold at auction on December 30, 2013.

We thoroughly researched your concerns regarding the collection calls and determined that neither Exeter nor any Third-Party collection agency representing Exeter has made any calls or call attempts since the account was placed in a cease and desist status on September 25, 2013.

Our success is based on customer satisfaction with our products and services so we take the issues presented in this request seriously and make every effort to provide a prompt and equitable response. If you have any questions about these or any other concerns, we encourage you to contact us at 877-877-4943.

Sincerely,

Office of the President
Exeter Finance Corp.

Exhibit A

LETTER OF INTENT TO SUE

EXETER FINANCE CORP. P.O BOX 166008

IRVING TEXAS 75016

DATE 8/7/20015

1800-321-9637

REF. ACCOUNT ████ 4696

PATRICK CHARLES

████████████████████

DEAR SIR/DIRECTOR

REF:  VIOLATION OF FAIR DEBT COLLECTION PRACTICE ACTS SECTION 392.301-003

HARRASSMENT

ABUSE TO AN ELDERLY

VIOLATION OF HUMAN RESOUSE CODE# 1002-1003

EMOTIONAL DISTRESS

BAD COLLECTION PRACTICE

MENTAL ANGUISH

DEPRESSION

CAUSING MUCH PAIN

ELEVATION OF HIGH BLOOD PRESSURE

DAMAGE TO PLAINTIF'S PERSONAL CREDIT

FINANCING A LEMON VEHICLE OF 21%

REPOSSESION OF VEHICLE

FINANCIAL HARDSHIP

Exhibit B



UNITED STATES OF AMERICA
### FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

Consumer Response Center

September 24, 2013

Patrick Charles

RE: FTC Ref. No. ████7315

Dear Patrick Charles:

Thank you for your recent contact to the Federal Trade Commission ("the Commission"). The Federal Trade Commission acts in the public interest to stop business practices that violate the laws it enforces. Contacts from consumers and businesses are very important to the work of the Commission. They are often the first indication of a problem in the marketplace and may provide the initial evidence to begin an investigation.

The Commission does not resolve individual complaints. The Commission can, however, act when it sees a pattern of possible violations developing.

The information you have provided will be recorded in our secure online database that is used by thousands of civil and criminal law enforcement authorities worldwide. This database enables law enforcement to identify questionable business practices that may lead to investigations and prosecutions.

Thank you for providing information that may be used to develop or support Commission enforcement initiatives.

Sincerely Yours,

Consumer Response Center

*POSIA*

*Exhibit*

11/25/13 $10,914.85

# Exeter
### finance corp

P.O. Box 166008
Irving, TX 75016

Customer Service (800) 321-9637
Fax (214) 572-8199

| Date of Notice | Retail Installment Sale |
| --- | --- |
| 11/05/2013 | Contract – "Agreement" |
| | 12/31/2011 |

| "Vehicle" | | |
| --- | --- | --- |
| Year | Make | Model |
| 2007 | NISSAN | QUEST-V6 |

| Vehicle Identification Number | Account No. |
| --- | --- |
| 9444 | |

PATRICK CHARLES

## Notice of Intent to Accelerate

Dear PATRICK CHARLES;

This notice is being sent to you concerning your default under the above-referenced Agreement, which is secured by the Vehicle.

11/17/2013 is the LAST DAY FOR PAYMENT.

$785.12 is the AMOUNT NOW DUE

You are late in making your payment(s). If you pay the AMOUNT NOW DUE (see above) by the LAST DAY FOR PAYMENT (see above), you may continue under the Agreement as though you were not late. If you do not pay by that date, we will accelerate the outstanding balance under the Agreement and declare it due and payable. We may also exercise our rights under the law. These rights include the right to repossess the Vehicle and the right, in many instances, to hold you personally responsible for any difference between the amount the Vehicle brings in a sale and the balance due us under the Agreement.

If you are late again in making your payments, we may exercise our rights without sending you another notice like this one. If you have any questions regarding this notice, promptly call us at (800) 321-9637 or write us at the address shown above.

Sincerely,
Exeter Finance Corp.

**We may report information about your Account to credit bureaus. Late payments, missed payments, or other defaults on your Account may be reflected in your credit report.**

**NOTICE: If you are entitled to the protections of the United States Bankruptcy Code (11 U.S.C. §§ 362, 524) the following applies to you: THIS COMMUNICATION IS NOT AN ATTEMPT TO COLLECT, ASSESS, OR RECOVER A CLAIM IN VIOLATION OF THE BANKRUPTCY CODE AND IS FOR INFORMATIONAL PURPOSES ONLY.**

4810-8295-4242

*Exhibit (A)*



**X Exeter**
f i n a n c e   c o r p

**P.O. BOX 166008**
**Irving, TX 75016**

August 31, 2015

Patrick Charles

Re: ████ 1001

Dear Mr. Charles

This letter is in response to your recent letter received on August 14, 2015 regarding collection calls. Exeter Finance Corp. ("Exeter") is committed to providing best in class customer service so we have thoroughly investigated your concerns and made the following determination.

On December 31, 2011, you signed a Retail Installment Contract and Security Agreement ("Contract") for the purchase of your vehicle. Your Contract payment schedule stated 49 monthly payments of $392.56 beginning February 14, 2012.

The phone calls or call attempts have been our effort to obtain full payment or acceptable payment arrangements only after the due date has passed. On September 25, 2013, we placed your account in a cease and desist status in response to a complaint received in our office through the Consumer Finance Protection Bureau (CFPB). The vehicle was repossessed on December 9, 2013 due to the delinquency of the account and sold at auction on December 30, 2013.

We thoroughly researched your concerns regarding the collection calls and determined that neither Exeter nor any Third-Party collection agency representing Exeter has made any calls or call attempts since the account was placed in a cease and desist status on September 25, 2013.

Our success is based on customer satisfaction with our products and services so we take the issues presented in this request seriously and make every effort to provide a prompt and equitable response. If you have any questions about these or any other concerns, we encourage you to contact us at 877-877-4943.

Sincerely,

Office of the President
Exeter Finance Corp.



Exhibit (E)

CALL FROM EXETER Finance Co.

| | | |
|---|---|---|
| 9/4/13 | 9.05 A.M. | 5 minutes |
| 9/4/13 | 9.50 A.M | 3 minutes |
| 9/4/13 | 10.20 A.M | 3 minutes |
| 9/4/13 | 3.15 P.M | 4 minutes |
| 9/4/13 | 7.30 P.M | 3 minutes |
| 11/25/13 | 10. A.M | 5 minutes |

Patrick Charles

NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA.

Cause Number: __15 - DCV - 226321__
*(The Clerk's office will fill in the Cause Number when you file this form.)*

Petitioner/
Plaintiff *Patrick Charles*

In the:

**268**
*Court Number*

☐ District Court
☐ County Court at Law
☐ Justice of the Peace

Respondent/
Defendant *Exeter Finance Corp. P.O. Box 166088* ___ County, Texas

*P.O. Box 166088, Irving Tx 75016*

## Unsworn Declaration of Indigency

1. I am filing this Unsworn Declaration of Indigency in place of an Affidavit of Indigency as allowed by Section 132.001 of the Texas Civil Practices and Remedies Code.

2. I am unable to pay court costs. I declare <u>under penalty of perjury</u> that the statements made in this Unsworn Declaration of Indigency are true and correct.

3. My name is: _Patrick_ _____ _Charles_
        First             Middle             Last

   My date of birth is: ▇▇▇▇▇▇▇▇▇▇
                    Month  Day  Year

   My address is: ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
                  Street Address          City     State   Zip   Country

   My email address is: ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

4. **Government Entitlements** *(Check one.)*

   ☐ I do not currently receive any government entitlements based on indigency *(poverty)*.

   ☒ I currently receive the following government entitlements based on indigency *(poverty)*:
   *Government entitlements based on indigency include but are not limited to: Food Stamps/SNAP, TANF, SSI, Medicaid, WIC Chip, AABD, Needs-based VA Pension, Public Housing, County Assistance, County Health Care, General Assistance, LIS in Medicare (Extra Help), Community Care via DADS, Low-Income Energy Assistance, Emergency Assistance, Child Care Assistance under Child Care and Development Block Grant.*

   *List all government entitlements based on indigency received by you or your dependents and the dollar amount of the benefit if applicable. Attach proof of the government entitlements received by you.*

   | Name of Public Benefit | Person Getting the Benefit | Dollar Amount |
   |---|---|---|
   | Texas Dept of Health & Humane Succs | - Snap | $ 234.00 |
   | S.S. Benefits | | $ 812.00 |
   | Medicare & Extra Help - DADS | | $ |

5. **Income**
   a. My net monthly income from employment *(after taxes)* is:   $ 0
       **or** ☒ I am not currently employed or self-employed.

   b. My spouse's net monthly income *(after taxes)* is:   $ 300.00
       **or** ☐ I am not married. **or** ☐ My spouse's income is not available to me.

   c. All other income I receive is listed below: *List the source of income (i.e. unemployment, retirement, social security, interest, dividends, child support, spousal support) and the monthly amount you receive.*

   _____ $ _____
   _____ $ _____
   _____ $ _____



FILED
2015 SEP 11 AM 11: 50

© TexasLawHelp.org, *Declaration of Indigency*, December 2014
Texas Rules of Civil Procedure, Rule 145 and Texas Civil Practice & Remedies Code, Rule 132.001

Page 1 of 2



6. **Dependents** – The people who depend on me financially are listed below:

| Name | Age | Relationship to Me |
|---|---|---|
| Cynthia Charles | 66 | spouse |
| | | |
| | | |
| | | |
| | | |

7. **Property** – I own the following property:
   *List the property and its value—the amount the property would sell for less the amount you still owe on it. If there is no property in a particular category, write "none."*

   <u>Bank Accounts</u> *(list bank, type of account and amount of $ in account)*

   Wells Fargo ............................................................ $ 100.00
   ............................................................................. $

   <u>Vehicles</u> *(list make and year)*

   2005 Town & Country — Broken down ............ $ 0
   ............................................................................. $

   <u>Real Estate – House or Land</u> *(do not list the house you live in)*

   ............................................................................. $
   ............................................................................. $

   <u>Other Property of Value</u> *(like boats, jewelry, stocks, etc.)*

   ............................................................................. $ 0
   ............................................................................. $
   ............................................................................. $

8. **Monthly Expenses** – I have the following monthly expenses:

| | | | |
|---|---|---|---|
| Rent / Mortgage | $1066.56 | Insurance (auto, life, health, etc.) | $ 159.00 |
| Food | $300.00 $360.00 | Vehicle payments | $ 0 |
| Utilities (electric/gas) | $184.00 | Gas, bus fare/auto repair | $ 100.00 |
| Telephone | $40.00 | Child support / spousal support | $ |
| Clothing and laundry | $50.00 | Other expenses/debts: (describe) | $ 0 |
| Medical, dental expenses | $ 0 | | $ |
| Child care, school tuition | $ 0 | | $ |
| Household supplies | $40.00 | | $ |

   **Total monthly expenses:** $ 1280.00

9. **Additional Information**
   *List any other facts you want the court to know, such as unusual medical expenses, family emergencies, etc.*

   _____
   _____

10. **Formally signed under penalty of perjury** in ___ Fort Bend ___ County, Texas on this
    date: 7 / 7 / 2015

    _Patrick Charles_
    **Your Signature**

# CIVIL CASE INFORMATION SHEET

268

CAUSE NUMBER *(FOR CLERK USE ONLY):* __15‑DCV‑226321__   COURT *(FOR CLERK USE ONLY):* _____

STYLED _____
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name: **PATRICK Charles**   Email: | Plaintiff(s)/Petitioner(s): **PATRICK CHARLes** | ☐ Attorney for Plaintiff/Petitioner ☒ Pro Se Plaintiff/Petitioner ☐ Title IV-D Agency ☐ Other: |
| Address:   Telephone: | | Additional Parties in Child Support Case: |
| City/State/Zip:   Fax: | Defendant(s)/Respondent(s): **EXETER FINANCE (CORP.)** | Custodial Parent: Non-Custodial Parent: |
| Signature: *Patrick Charles*   State Bar No: | [Attach additional page as necessary to list all parties] | Presumed Father: |

## 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

### Civil

| Contract | Injury or Damage | Real Property | Marriage Relationship | Post-judgment Actions (non-Title IV-D) |
|---|---|---|---|---|
| **Debt/Contract** ☐ Consumer/DTPA ☒ Debt/Contract ☐ Fraud/Misrepresentation ☐ Other Debt/Contract: _____ | ☐ Assault/Battery ☐ Construction ☐ Defamation *Malpractice* ☐ Accounting ☐ Legal ☐ Medical ☐ Other Professional Liability: _____ | ☐ Eminent Domain/ Condemnation ☐ Partition ☐ Quiet Title ☐ Trespass to Try Title ☐ Other Property: _____ | ☐ Annulment ☐ Declare Marriage Void *Divorce* ☐ With Children ☐ No Children | ☐ Enforcement ☐ Modification—Custody ☐ Modification—Other |
| **Foreclosure** ☐ Home Equity—Expedited ☐ Other Foreclosure ☐ Franchise ☐ Insurance ☐ Landlord/Tenant ☐ Non-Competition ☐ Partnership ☐ Other Contract: _____ | ☐ Motor Vehicle Accident ☐ Premises *Product Liability* ☐ Asbestos/Silica ☐ Other Product Liability List Product: _____ ☐ Other Injury or Damage: _____ | **Related to Criminal Matters** ☐ Expunction ☐ Judgment Nisi ☐ Non-Disclosure ☐ Seizure/Forfeiture ☐ Writ of Habeas Corpus— Pre-indictment ☐ Other: _____ | **Other Family Law** ☐ Enforce Foreign Judgment ☐ Habeas Corpus ☐ Name Change ☐ Protective Order ☐ Removal of Disabilities of Minority ☐ Other: _____ | **Title IV-D** ☐ Enforcement/Modification ☐ Paternity ☐ Reciprocals (UIFSA) ☐ Support Order **Parent-Child Relationship** ☐ Adoption/Adoption with Termination ☐ Child Protection ☐ Child Support ☐ Custody or Visitation ☐ Gestational Parenting ☐ Grandparent Access ☐ Parentage/Paternity ☐ Termination of Parental Rights ☐ Other Parent-Child: _____ |

| Employment | Other Civil |  |
|---|---|---|
| ☐ Discrimination ☐ Retaliation ☐ Termination ☐ Workers' Compensation ☐ Other Employment: _____ | ☐ Administrative Appeal ☐ Antitrust/Unfair Competition ☐ Code Violations ☐ Foreign Judgment ☐ Intellectual Property | ☐ Lawyer Discipline ☐ Perpetuate Testimony ☐ Securities/Stock ☐ Tortious Interference ☐ Other: _____ |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐ Tax Appraisal ☐ Tax Delinquency ☐ Other Tax | *Probate/Wills/Intestate Administration* ☐ Dependent Administration ☐ Independent Administration ☐ Other Estate Proceedings | ☐ Guardianship—Adult ☐ Guardianship—Minor ☐ Mental Health ☐ Other: _____ |

## 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court ☐ Arbitration-related ☐ Attachment ☐ Bill of Review ☐ Certiorari ☐ Class Action | ☐ Declaratory Judgment ☐ Garnishment ☐ Interpleader ☐ License ☐ Mandamus ☐ Post-judgment | ☐ Prejudgment Remedy ☐ Protective Order ☐ Receiver ☐ Sequestration ☐ Temporary Restraining Order/Injunction ☐ Turnover |

## 4. Indicate damages sought *(do not select if it is a family law case)*:

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100, but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

FILED
2015 SEP 11  AM 11:50

15‑DCV‑226321
2010CAIS
Case Information Sheet
3767075

Rev 2/13



# ANNIE REBECCA ELLIOTT
## Fort Bend County District Clerk
### 301 Jackson, Richmond, TX 77469

Telephone: (281) 341-4509
Fax: (281) 341-4519

Cause No: 15-DCV-226321

## ACKNOWLEDGMENT BY PROPRIA PERSONA PARTY

I am the ☒ Plaintiff   ☐ Defendant   ☐ Petitioner   ☐ Respondent in the above case.

By my signature below, I acknowledge the following:

I am aware that I can hire an attorney to represent me. I voluntarily choose to represent myself.

I understand that I will receive no special favors, assistance, or advice from the Judge or Clerk as they cannot and do not represent either party in litigation.

I understand that I will be expected to comply with all relevant rules of procedural, evidentiary and substantive law.

I voluntarily wish to proceed without a lawyer and represent myself.

**PRINT Information Requested Below:**

Patrick Charles
Your Name ▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮
Telephone Number (Home)

Address ▮▮▮▮▮▮▮▮

Telephone Number (Work)

City, State, Zip ▮▮▮▮▮▮▮▮

**ANOTHER PERSON WE MAY CONTACT:**

Candra Charlee
Name ▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮
Telephone Number

Address ▮▮▮▮▮▮▮▮

City, State, Zip ▮▮▮▮▮▮▮▮

Patrick Charles
Your Signature

9/11/2015
Today's Date

Revised 01/14

This form is available for download at no cost at
http://www.fortbendcountytx.gov/index.aspx?page=997



15—DCV—226321
NFFILU
No Fee Documents
3767086

Filed
11/1/2016 3:51:13 PM
**Annie Rebecca Elliott**
District Clerk
Fort Bend County, Texas
Autumn Dolnik



### IN THE DISTRICT COURT FOR
### FORT BEND COUNTY, TEXAS

PATRICK CHARLES,         )
        )
      **Plaintiff,**    )
        )
        )
**v.**        )
        )     **CASE NO. 15-CDV-226321**
**EXETER FINANCE CORP.,**  )
        )
      **Defendants.**   )
        )
        )

### DEFENDANT EXETER FINANCE CORP.'S ANSWER

Defendant Exeter Finance Corp. ("Exeter" or "Defendant"), specifically reserving its right to seek arbitration of the plaintiff's claims pursuant to 9 U.S.C. § 1 et seq. should it discover a governing arbitration agreement during discovery, hereby answers the complaint ("Complaint") of Plaintiff Patrick Charles ("Plaintiff" or "Charles").

1.     As a preliminary matter, Defendant denies receiving the Complaint and proper service of process in accordance Texas Rules of Civil Procedure 103, 106, and 107. Defendant further denies that it has failed to answer or otherwise appear in this action, and denies that any default judgment should enter against it.

2.     As for the allegations of the Complaint, Plaintiff's Complaint fails to comply with Texas Rule of Civil Procedure 50, which requires that all averments of a claim shall be made in number paragraphs.

3.     In response to the unnumbered allegations of the Complaint on page two under the heading "Introduction," Defendant admits only that Plaintiff purports to sue for the reasons stated in the Complaint, including alleged violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 *et seq.* and Telephone Consumer Protection Act (TCPA), 47

28434567 v1

U.S.C. §§ 227 *et seq.* Defendant denies that it has violated any law, that Plaintiff has suffered any damages, or that Plaintiff is entitled to any relief in his favor.

4.     In response to the unnumbered factual allegations stated in the Complaint, Defendant admits only that, on or around December 31, 2011, Plaintiff financed the purchase of a 2007 Nissan Quest from Gillman Nissan, and executed a Motor Vehicle Retail Installment Sales Contract (the "Agreement") which established the terms and conditions for Plaintiff's repayment of the loan financing. On or around December 31, 2011, Gillman Nissan assigned its interest in the Agreement to Defendant. Defendant states that the terms of the Agreement speak for themselves and denies all inconsistent allegations.

5.     With respect to all other allegations contained in the Complaint, Defendant states that it lacks sufficient knowledge or information to respond the allegations, and therefore denies them and demand strict proof thereof. Defendant denies committing any violation of law.

6.     In response to the unnumbered paragraphs describing Plaintiff's Prayer for Relief, Defendant denies that it committed any wrongful act or violated any law, denies that Plaintiff is entitled to relief and judgment in his favor, and denies that Plaintiff has suffered any injuries or damages, or that Plaintiff is entitled to direct, compensatory, injunctive, consequential, incidental, punitive, exemplary, double, treble, nominal, or statutory damages, to attorneys' fees, costs, expenses, injunctive or declaratory relief, or pre- and/or post-judgment interest, or to any other damages, credits, or relief whatsoever, and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

Defendant asserts the affirmative defenses set forth below. By designating these defenses as affirmative defenses, Defendant does not concede that it bears the burden of proof with respect to any of them.

2

### FIRST DEFENSE

To the extent that Plaintiff has entered into an arbitration agreement covering the claims against Defendant, those claims are subject to arbitration. Defendant reserves the right to compel arbitration as to Plaintiff.

### SECOND DEFENSE

Plaintiff gave Defendant, or its predecessor-in-interest, prior express consent for the telephone calls at issue in this action.

### THIRD DEFENSE

Defendant asserts that the issues raised in Plaintiff's Complaint are current the subject of appeals pending in various courts of appeals, including but not limited to, numerous appeals regarding the FCC's July 10, 2015 Order pending before the U.S. Court of Appeals for the District of Columbia Circuit. Therefore, a stay of this case is likely appropriate until the appeal is resolved, which could have an impact on several legal issues raised in this case. Defendant reserves its right to request a stay from this Court pending the outcome of the several appeals.

### FOURTH DEFENSE

Plaintiff lacks standing to bring or maintain the claims asserted in the Complaint.

### FIFTH DEFENSE

Plaintiff has not suffered any actual damage as a result of Defendant's conduct.

### SIXTH DEFENSE

Defendant did not employ an automatic telephone dialing system, as defined by the TCPA, to call Plaintiff.

3

## SEVENTH DEFENSE

The Complaint, and each cause of action contained therein, fails to state a claim upon which relief can be granted against Defendant.

## EIGHTH DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

## NINTH DEFENSE

Plaintiff's claims are barred in whole or in part to the extent damages are offset by the amount owed to Defendant under the contract at issue.  Specifically, with regard to Plaintiff's claims, Defendant asserts that any recovery should be offset by the full amount of the deficiency balance owed to Defendant.

## TENTH DEFENSE

Plaintiff is barred from obtaining the relief sought in the Complaint by the doctrine of estoppel, waiver, unclean hands, laches, good faith, and/or other equitable defenses.

## ELEVENTH DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff consented to, ratified, or acquiesced in all of the alleged acts or omissions of which they complain.

## TWELFTH DEFENSE

Plaintiff's claims are barred in whole or in part because the Complaint fails to allege facts sufficient for any injunctive or equitable relief against Defendant.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part by laches.

4

## FOURTEENTH DEFENSE

Defendant expressly reserves any defenses that may be available to it under any applicable laws of other jurisdictions, in accordance with applicable choice of law rules.

## FIFTEENTH DEFENSE

Defendant's conduct was privileged and/or justified.

## SIXTEENTH DEFENSE

Plaintiff assumed the risk of calls made by Defendant.

## SEVENTEENTH DEFENSE

Plaintiff has waived any and all claims, rights and demands made by them in the Complaint.

## EIGHTEENTH DEFENSE

The claims of Plaintiff are barred because Defendant's conduct complied with the provisions of the applicable F.C.C. regulations, including without limitation the safe harbor provisions of 47 C.F.R. § 64.1200.

## NINETEENTH DEFENSE

The Telephone Consumer Protection Act, codified at 47 U.S.C. § 227, as well as the subsequent Orders and Rulings of the Federal Communications Commission ("FCC") interpreting the TCPA, violate the First Amendment to the U.S. Constitution and the Texas Constitution.

## TWENTIETH DEFENSE

The Telephone Consumer Protection Act, codified at 47 U.S.C. § 227, including statutory damages available under the act, violates the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

5

### TWENTY-FIRST DEFENSE

The fines and/or penalties sought by Plaintiff under the TCPA and other statutes violate the Excessive Fines Clause of the Eighth Amendment, and the Takings Clause of the Fifth Amendment of the United States Constitution.

### TWENTY-SECOND DEFENSE

Plaintiff failed and neglected to use reasonable care to protect themselves and to avoid, minimize and/or mitigate their alleged injury and/or damages.

### TWENTY-THIRD DEFENSE

Plaintiff did not adequately and/or effectively revoke their prior express consent to receive the telephone calls at issue.

### TWENTY-FOURTH DEFENSE

Plaintiff has an existing business relationship with Defendant, or its predecessor-in-interest.

### TWENTY-FIFTH DEFENSE

Defendant acted in good faith and specifically denies that it engaged in any conduct that was outrageous, intentional and malicious or done with reckless disregard with respect to Plaintiff. Defendant never engaged in any knowing, willful or fraudulent conduct with respect to Plaintiff.

### TWENTY-SIXTH DEFENSE

Plaintiff cannot establish that the telephone calls at issue were made with an automatic telephone dialing system.

6

### TWENTY-SEVENTH DEFENSE

Plaintiff's claims are barred on the grounds that his claims do not apply to any debt collection activity or servicing activity.

### TWENTY-EIGHTH DEFENSE

Any violation of the law or damage suffered by Plaintiff, which Defendant denies, was due to the affirmative actions and/or omissions of Plaintiff and does not give rise to any liability of Defendant.

### TWENTY-NINTH DEFENSE

If Plaintiff suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the intervening acts of others, and not by Defendant.

### THIRTIETH DEFENSE

Plaintiff's claims are barred to the extent they are the subject of another class action or have already been adjudicated and/or resolved.

### THIRTY-FIRST DEFENSE

Defendant specifically gives notice that it intends to rely upon such other defenses as may become available by law, or pursuant to statute, or during any further discovery proceedings of this case, and hereby reserves the right to amend its Answer and assert such defenses.

### THIRTY-SECOND DEFENSE

Any violation of the law, which Defendant denies, was not intentional and resulted, if at all, from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.

28434567 v1

## THIRTY-THIRD DEFENSE

Defendant affirmatively invokes and asserts all defenses created by and under the FDCPA, including: Plaintiff's claim is barred by the bona fide error defense; and Defendant's conduct was in good faith and in conformity with a formal opinion of the Federal Trade Commission and/or the Federal Communications Commission.

## THIRTY-FOURTH DEFENSE

Plaintiff cannot recover for mental pain and suffering, emotional distress, or similar damages, if any, in that there is no fixed, objective and/or clear and consistent standard under Texas law for ascertaining the amount thereof, such that any award of said damages against Defendant would violate the Fifth and Fourteenth Amendments to the United States Constitution and/or the Texas Constitution, which prohibit deprivation of life, liberty, or property except by due process.

## THIRTY-FIFTH DEFENSE

The claims asserted by Plaintiff are barred if it is discovered that Plaintiff filed a bankruptcy case, based on the doctrines of res *judicata*, judicial estoppel, 11 U.S.C. § 1327(a), 11 U.S.C. § 704, 11 U.S.C. § 541, waiver, equitable estoppel, and release. Moreover, as a result of any such prior proceedings, Plaintiff is not the real party in interest to bring the present claims and lacks standing to pursue the causes of action.

## RESERVATION OF DEFENSES

Defendant reserves the right to assert additional defenses as discovery progresses in this case. To the extent that any of the foregoing allegations in the Complaint have not been expressly admitted or denied, they are hereby denied.

28434567 v1

**WHEREFORE**, Defendant prays for judgment as follows:

1.      That Plaintiff take nothing by reason of the Complaint;

2.      For its costs of suit;

3.      For attorney's fees according to proof; and

4.      For such other and further relief as this Court may deem just and proper.

Respectfully submitted this 1st day of November, 2016.

>           /s/ Reid S. Manley
>           Reid S. Manley (Bar # 24047520)
>           BURR & FORMAN LLP
>           420 North 20th Street, Suite 3400
>           Birmingham, AL 35203
>           Telephone: (205) 251-3000
>           Facsimile: (205) 458-5100
>           rmanley@burr.com
>
>           *Attorneys for Defendant Exeter Finance Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by U.S. First Class Mail, hand delivery, Federal Express, fax or email on this the 1st day of November, 2016:

Patrick Charles
6722 Rowell Court
Missouri City, Texas 77489

>           /s/ Reid S. Manley
>           OF COUNSEL

9

28434567 v1

15-DCV-226321
NFFILI
No Fee Documents
4473733

CASE NUMBER. 15-DCV-226321 DATE 11/3/2016

IN THE DISTRICT COURT FORT BEND

FORTBEND COUNTY ,TEXAS

PATRICK CHARLES

PLAINTIFF

V.

EXETER FINANCE

DEFENDANT

*COURT 268*

DEFENDANT WAS NOTIFIED OF INTENTION TO FILE THE LAW SUIT WAS NOTIFIED ON AUGUST

PLAINTIFF FILES THIS ANSWER , OBJECTING DEFENDANT 'S  BRIEF, PLAINTIFF IS ENTITLED TO DEFAULT JUDGEMENT, DEFENDANT WAS PROPERLY SERVED,  DEFENDANT  WAS SERVED ON SEPTEMBER 15TH 2015, LAW SUIT ON SEPTEMBER 11 2015 DEFENDANT RECEIVED MAIL ON SEPTEMBER 15TH 2016, WAS SIGNED BY DEFENDANT REPT. BRIAN C OPPING  SEE ATTACHED CERTIFIED RETURNED RECEIPT DOCUMENT.

DEFENDANT HAD KNOWLEDGE OF THE LAW SUIT BUT FAILED TO ANSWER, DEFENDANT ANSWER THE LAW SUIT AFTER 13TH MONTH, DEFENDANT LIED THAT THERE WAS NO PRIOR  KNOWLEDGE OF THE LAW SUIT,  DEFENDANT WAS PROPERLY SERVED ON SEPT 11TH 2015 SINGED THE CERTIFIED MAIL.

PLAINTIFF IS ENTITLED TO DEFAULT JUDGMENT.

PLAINTIFF WAS SERVED NOTICE MOTION OF DEFAULT , COPY OF SERVICE IS FILED WITH THIS COURT ON AUGUST 2016, COURT DENIED MOTION FOR DEFAULT JUDGEMENT PLAINTIF REFILED MOTION WITH CERTIFIED PROOF OF SERVICE,  COPY SENT TO DEFENDANT ,DEFENDANT SIGNED COPY OF RETURN RECEIPT CERTIFIED MAIL.

COPY OF CERTIFIED MAIL SIGNED TO PLAINTIFF IN SEPTEMBER 1TH 2015 INCLUDED DOCUMENT OF PETITION SS DOCUMENT FILED WITH THIS COURT.

CERTIFIED RECEIPT MAILS SENT TO DEFENDANT IS TO PLACE OF BUSINESS AND P.O. NUMBER WHICH PLAINTIFF HAS ON FILED WHERE DEFENDANT DOES BUSINESS. DEFENDANT HAS NEVER RECEIVED ANY OTHER ADDRESSES FROM DEFENDANT.

PLAINTIFF OPPOSE THE STATEMENT THAT RETURN RECEIPT NAME OF THE AUTHORIZED IS NOT INCLUDED, WHEN DEFENDANT RECEIVED CERTIFIED MAIL ITS ALWAYS SIGNED BY AN EXETER FINANCE OFFICER.

PLAINTIFF OPPOSE TO THE STATEMENT THAT PROPER SERVICE WAS NOT RECEIVED, PROPER CERVICE WAS RECEIVED MAILS WERE RECEIVED AND SIGNED BY OFFICERS OF EXETER FINANCE.

PLAINTIFF SERVED PLAINTIFF NOT ONLY ON AUGUST 26TH 2016 BUT IT 13TH MONTHS DLAINTIFF WAS SERVED BUT NEVER ANSWER THE LAW SUIT OR COMPLAINT, PLAINTIFF SERVED PLAINTIFF BY THE ADDRESS GIVEN WHEN THE CAR WAS FINANCED, THE BOX NUMBER IS THE ADDRESS KNOWN TO PLAINTIFF THEREFORE, ITS SUFFICENT, DEFENDANT's RECEIVED ALL MAILS SENT SIGNED BY AN OFFICER OF THE COMPANY.

PLAINTIFF IS IN COMPLIANCE WITH THE TEXAS LAW R. CIV. P99, 106, 107 WHICH IS THE COURT JURISDICTION, THEREFORE, IS ENTITLED DEFAULT JUDGEMENT.

PLAINTIFF OPPOSE TO THE STATEMENT THAT CERTIFIED RECEIVED MAILS ARE DEFECTIVE , PLAINTIFF HAD ON OTHER ADDRESS BUT THE P.O. 166008, THIS IS DEFENDANT AND WHERE ALL PAYMENTS WHERE PAYMENTS WERE SENT TO.

PLAINTIFF PROPERLY SERVED THE COMPLAINT ON SEPTEMBER 15TH, 2915 TO DEFENTANT KNOWN ADDRESS WHICH IS DEFENDANT'S BUSINESS WHERE WE DO BUSINESS TOGETHER, OR WHERE PAYMENTS WHERE SENT.

DEFENDANT HAD 30 DAYS TO FILE AN ANSWER THE COMPLAINT WHEN IT WAS FILED IN THE COURT BUT PLAINTIFF NEVER REPLIED OR ANSWER, DEFENDANT TOOK 13TH MONTH BEFORE ANSWERING THE LAW SUIT., THEREFORE, THE COURT SHOULD GRANT PLAINTIFF DEFAULT JUDGMENT.

PLAINTIFF OBJECTS , PLAINTIFF COMPLIES WITH TEXAS CIVIL PROCEDURE 50.

DEFENDANT VIOLATES THE FAIL DEPT COLLECTION PRACTICE ACT ,EDCPA, 15 US.C 1692 AND TELEPHONE CONSUMER PROTECTION ACT TCPA 47, PLAINTIFF WAS CALLED 6TO SEVEN TIMES PR DAY, DEFENDANT AGENTS THAT TELEPHONE CALLS WILL NOT STOPP UNTIL PAYMENTS WERE MADE, PLAINTIFF IS BOTH DISABLED, ELDERLY, AND WAS TRYINGING TO RECOVER FROM AN OPERATION, PLAINTIFF WOULD HARRASH WITH PROLONG PROLONG TELEPHONE CALLS, PLAINTIFF HAND MUCH PAIN AND SUFFERING, IT BECOME SO UNBEARABLE THAT PLAINTIFF HAT TO REPORT TO THE FEDERAL TRADE COMMISSION, COPY OF LETTER IS FILED WITH THIS COURT.

PLAINTIFF ALLEGATIONS HAD FULL INFORMATION OR ALL INFORMATION OF WHAT HAPPENED OR WHEN ALLEGATION WAS FILES WITH THIS COURT

PLAINTIFF VIOLATED THE LAW BY HARRASSED CALL CAUSING PAIN TO AN ELDERLY. THE LAW PROHIBS SUCH ACTION BY A COLLECTOR OF BEBT.

DEFENDANT VIOLATED THE LAW THEREFORE, IS ENTITLED TO DEFAULT JUDGEMENT AND RELIEF.

PLAINTIFF OBJECTS THAT HE HAS WAIVED ALL CLAIMS , RIGHTS AND DEMANDS MADE BY THIS COMPLAINTS, DEFENDANT MUST SUBMIT PROOF OF THIS.

PLAINTIFF OBJECTS THAT CLAIMS ARE BARRED BY DEFGENDANT's CONDUCT ACCORDING TO THE PROVISION OF F.C.C REGULATION, INCLUDING WITHOUT LIMITATION ACCORDING TO THE SAFE HABOR LAW PROVISION OF 47 C.F.R. 64.1200.

PLAINTIFF OBJECTS THAT TELEPHONE PROTECTION ACT VIOLATES THE FIRST ADMENDANT TO THE U.S. CONSTITUTION AND TEXAS LAW CONSTITION , TEXAS LAW IS NOT ABOVE THE US SUPREME COURT LAW AND THE CONSTUTION LAW.

PLAINTIFF OBJECTS THAT FINES SOUGHT ARE NOT IN EXCESSFINES OF CLAUSE OF THE EIGHT AMEDMENT AND ADMENMENT OF THE UNITED STATES CONSTITUTION .

PLAINTIFF OBJECT TO STATEMENT THAT HE FAILED TO CARE AND PROTECT HINSELF TO AVOID INJURY AND INJURY, PLAINTIFF PROCTED HIMSELF PLAINTIFF WAS HARRESED, ABUSED AS AN ELDERLY, EMOTIONAL DISTRESS WAS CAUSED , HUMAN RESOURCES CODE 1002.003 WAS VIOLATED, FAIR DEBT COLLECTION PROTECTION PROTECTION ACT WAS VIOLATED, MENTAL ANGUISH WAS CAUSED, DEPRESSION WAS CAUSED, DUE TO NUMEROUS CALLS BLAINTIFF WHO SUFFERED WITH HOGH BLOOD, HIS PRESURE WAS RAISED, PLAINTIFF CREDIT WAS DAMAGED.

PLAINTIFF OBJECTS THAT DEFENDANT ACTED IN GOOD FAITH

PLAINTIFF PRAYS THAT THE HONORABLE JUDGE GRANT RELIEF, GRANT MOTION FOR DEFAULT JUDGEMENT AN GRANT RELIEF AND EQUITY FOR WHICH PLAINTIFFIS ENTITLED TO

RESPECFFULLY SUBMITTED

*Patrick Charles*

PATRICK CHARLES

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT I HAVE SERVED A COPY OF THE FOREGOING DOCUMENT BY HAND DERLVERY TO DEFENDANT ATTORNEY REID MANLEY

PATRICK CHARLES

*Patrick Charles*

PATRICK CHARLES

FILED

2016 NOV -4 AM 8: 35

*Annie Rebecca Elliott*

CLERK DISTRICT COURT
FORT BEND CO. TX

Y. Cole
Date:

CASE NUMBER. 15-DCV-226321 DATE 11/3/2016

IN THE FORT BEND JUDICIAL DISTRICT COURT, FORTBEND

FORTBEND COUNTY, TEXAS   COURT 268TH

PATRICK CHARLES

PLAINTIFF

V.

EXETER FINANCE

DEFENDANT

TO THE HONORABLE JUDGE

NOTICE TO AMEND ANSWER FILED BY PLAINTIFF TO DEFENDANT'S OBJECTIONS AND DEFENCE FILED ON 11/4/2016

PLAINTIFF REQUEST THAT THE COURT ACCEPT THE AMMENDED COPY OF ANSWERS AND OBJECTIONS PLACED BY PLAINTIFF ON 11/4/2016.

DEFENDANT WAS NOTIFIED OF INTENTION TO FILE THE LAW SUIT WAS NOTIFIED ON AUGUST 2015.

PLAINTIFF FILES THIS ANSWER OBJECTING DEFENDANT 'S BRIEF, PLAINTIFF IS ENTITLED TO DEFAULT JUDGEMENT BECAUSE DEFENDANT WAS PROPERLY SERVED ON 9/15 2015 , DEFENDANT WAS SERVED ON SEPTEMBER 15TH 2015, DEFENDANT NEVER ANSWERED LAWSUIT UNTIL 13TH MONTHS LATER. LAWSUIT ON SEPTEMBER 11 2015, DEFENDANT RECEIVED MAIL ON SEPTEMBER 15TH 2016, WAS SIGNED BY DEFENDANT OFFICER,  BRIAN C OPPING  SEE ATTACHED CERTIFIED RETURNED RECEIPT DOCUMENT FILED WITH THIS COURT.

DEFENDANT HAD KNOWLEDGE OF THE LAWSUIT BUT FAILED TO ANSWER, DEFENDANT ANSWERED THE LAW SUIT AFTER 13TH MONTHS LATER, DEFENDANT LIED THAT THERE WAS NO PRIOR KNOWLEDGE OF THE LAW SUIT,  DEFENDANT WAS PROPERLY SERVED ON SEPT 11TH 2015.SIGNED THE CERTIFIED MAIL.

PLAINTIFF IS ENTITLED TO DEFAULT JUDGMENT.

DEFENDANT  WAS SERVED NOTICE MOTION OF DEFAULT JUDGEMENT, COPY OF SERVICE IS FILED WITH THIS COURT ON AUGUST 2016, COURT DENIED MOTION FOR DEFAULT JUDGEMENT BUT PLAINTIF REFILED MOTION WITH CERTIFIED PROOF OF SERVICE,  COPY SENT TO DEFENDANT ,DEFENDANT SIGNED COPY OF RETURN RECEIPT CERTIFIED MAIL.

COPY OF CERTIFIED MAIL SIGNED BY DEFENDANT IN SEPTEMBER 11TH 2015 INCLUDED DOCUMENT OF PETITION DOCUMENTS FILED WITH THIS COURT.

15-DCV-226321
AMEND
Amended Filing
4488529

1. CERTIFIED RECEIPT MAILS SENT TO DEFENDANT IS TO PLACE OF BUSINESS WHERE DEFENDANT DOES BUSINESS WHICH IS P.O. BOX166008NUMBER OF WHICH THIS IS AN ADDRESS WHERE DEFENDANT DOES BUSINESS AND WHERE ALL PAYMENTS WERE SENT FOR THE LOAN DEFENDANT FINANCED THE VEHICLE FOR PLAINTIFF, WHERE IS ADDRESS HAS ON FILED BUSINESS, DEF HAS NEVER RECEIVED ANY OTHER ADDRESSESNO OTHER ADDRESS THAT PLAINTIFF HAS KNOWLEDGE OF.

PLAINTIFF OPPOSED TOTHE STATEMENT MADE BY DEFENDANT, THAT RETURN RECEIPT NAME OF THE AUTHORIZED IS NOT INCLUDED, WHEN DEFENDANT RECEIVED CERTIFIED MAIL,ITS ALWAYS SIGNED BY AN EXETER FINANCE OFFICER.

PLAINTIFF OPPOSED TO THE STATEMENT THAT PROPER SERVICE WAS NOT RECEIVED, PROPER CERVICE WAS RECEIVED, MAILS WERE RECEIVED AND SIGNED BY AN OFFICERS OF EXETER FINANCE, COPY OF RETURN RECEIPT MAIL IS FILED WITH THIS COURT.

PLAINTIFF SERVED DEFENDANT NOT ONLY ON AUGUST 26TH, WITH AN LETTER OF AN INTENT TO SUE, BUT IT TOOK DEFENDANT 13TH MONTHS LATER TO ANSWER THE SUIT. DEFENDANT WAS SERVED BUT NEVER ANSWER THE LAWSUIT OR COMPLAINT, PLAINTIFF SERVED DEFENDANTF BY THE ADDRESS GIVEN WHEN THE CAR WAS FINANCED,THE BOX NUMBER 166008, THIS IS THE ADDRESS KNOWN TO PLAINTIFF THEREFORE, THIS ADDRESS IS PROPER, DEFENDANT RECEIVED ALL MAILS SENT SIGNED BY AN OFFICER OF THE COMPANY, EXETER FINANCE CORP.

PLAINTIFF IS IN COMPLIANCE WITH THE TEXAS LAW R. CIV. P99, 196, 107 WHICH IS THE COURT JURISDICTION, THEREFORE, IS ENTITLED DEFAULT JUDGEMENT.

PLAINTIFF OPPOSED TO THE STATEMENT MADE BY DEFENDANT, THAT CERTIFIED RECEIVED MAILS ARE DEFECTIVE, PLAINTIFF HAD NO OTHER ADDRESS BUT THE P.O. 166008, THIS IS DEFENDANT BUSINESS ADDRESS, AND WHERE ALL PAYMENTS WERE SENT TO.

PLAINTIFF PROPERLY SERVED THE COMPLAINT ON SEPTEMBER 15TH, 2915 TO DEFENDANT KNOWN ADDRESS WHICH IS DEFENDANT'S BUSINESS WHERE WE DO BUSINESS TOGETHER, OR WHERE PAYMENTS WHERE SENT.

DEFENDANT HAD 30 DAYS TO FILE AN ANSWER THE COMPLAINT WHEN IT WAS FILED IN THE COURT BUT DEFENDANT NEVER REPLIED OR ANSWER, DEFENDANT TOOK 13TH MONTHS LATER BEFORE ANSWERING THE LAW SUIT., THEREFORE, THE COURT SHOULD GRANT PLAINTIFF DEFAULT JUDGMENT.DEFENDANT KNEW ABOURT THE LAW SUIT, THE ATTORNEY DID NOT KNOW DEFENDANT NEVER ANSWERED THE LAWSUIT.

PLAINTIFF OBJECTS, PLAINTIFF IS IN COMPLIANCE WITH TEXAS CIVIL PROCEDURE 50.

DEFENDANT VIOLATES THE FAIR DEPT COLLECTION PRACTICE ACT ,EDCPA, 15 US.C 1692 AND TELEPHONE CONSUMER PROTECTION ACT TCPA 47, PLAINTIFF WAS CALLED 6 TO SEVEN TIMES PER DAY, DEFENDANT AGENTS TOLD PLAINTIFF THAT TELEPHONE CALLS WILL NOT STOP UNTIL PAYMENTS WERE MADE, PLAINTIFF IS BOTH DISABLED, ELDERLY, AND WAS TRYING TO RECOVER FROM AN OPERATION,

PLAINTIFF WAS HARRASHED WITH PROLONG TELEPHONE CALLS, PLAINTIFF HAD SO MUCH PAIN AND SUFFERING WHEN THE TELEPHONE CALL BECAME IT SO UNBEARABLE, PLAINTIFF HAD TO REPORT TO THE FEDERAL TRADE COMMISSION, COPY OF LETTER IS FILED WITH THIS COURT.

DEFENDANT HAD FULL KNOWLEDGE OF THE ALLEGATIONS HAD FULL KNOWLEDGE OF INFORMATION OF WHAT HAPPENED OR WHEN ALLEGATIONS WERE FILED WITH THIS COURT BECAUSE DEFENDANT WAS NOTIFIED.

DEFENDANT VIOLATED THE LAW WITH HARRASSING CALL CAUSING PAIN TO AN ELDERLY. THE LAW PROHIBITS SUCH ACTION BY A COLLECTOR OF BEBT.

DEFENDANT VIOLATED THE LAW THEREFORE, IS ENTITLED TO DEFAULT JUDGEMENT AND RELIEF.

PLAINTIFF OBJECTS THAT PRIOR EXPRESS CONSENT WAS GIVEN FOR THE TELEPHONE CALLS ISSUE, THE LAW PROHIBITS THAT A CREDITOR CALL SOMEONE REPEATEDLY EVEN THOUGH A DEBT IS OWED, ESPECIALLY SOMEONE WHO IS BOTH ELDERLY AND DIS ABLED , HUMAN RESOURCE CODE 1002. 003

PLAINTIFF OBJECTS THAT THE CASE SHOULD BE STAYED UNTILL THE COURT OF APPEAL CASE IS RESOLVED , THIS ACTION AGAINST DEFENDANT HAS NOTHING TO DO WITH THE DAMAGES CAUSED BY DEFENDANT, THEREFORE, PLAINTIFF OPPOSE THAT A STAY IS APPROPRIATE., AS A MATTER OF FACT PLAINTIFF HAD NO CASE FILED WITH THE FIRST COURT OF APPEAL.

PLAINTIFF OPPOSE THAT THERE IS NOT A STANDING IN CASE, DEFENDANT VIOLATED THE LAW AND DAMAGED PLAINTIFF.

PLAINTIFF OBJECTS TO DEFENDANT'S STATEMENT THAT IS, PLAINTIFF HAS NOT SUFFERED, PLAINTIFF HAS SUFFERED LOSS, AND PLAINTIFF IS NOT DAMAGED.

PLAINTIFF WAS HARRASSED , ANNOYED, LONG TELEPHONE CALLS, CAUSED MUCH PAIN AND SUFFERING, DEFENDANT ADMMITED TO FEDERAL TRADE COMMISSION AND CONSUMER OR PROTECTION BEREAU ABOUT THE VIOLATION OR ILLEGAL DEBT COLLECTION PRACTICE AND INFORMED THEM THAT THEY WILL NOT CONTINUE TO HARRASS PLAINTIFF AGAIN BY TELEPHONE CALLS, BUT CALLS CONTINUE EVEN AFTER THEY REPOSSED THE VEHICLE.

DAFENDANT ATTORNEY DID NOT KNOW ANYTHING THE CASE, WHEN DEFAULT JUDGEMENT WAS RECEIVED BY DEFENDANT AT THE PLACE OF BUSINESS, THATS THE TIME THEY HIRED AN ATTORNEY TO DEFEND THEM, DEFENDANT HAS NO EXCUSE FOR NOT ANSWERING THE LAWSUIT IT KOOK DEFEDANT 13TH MONTH LATER BEFORE ANSWERING THE LAWSUIT. THE ATTORNEY DOES KNOW ABOUT THE ISSUE THEREFORE, HE CANNOT RIGHTFULLY DEFENDANT BECAUSE HE DOES KNOW WHAT TRANSPIRED , HE WAS PRESEN, WHEN THE VIOLATION TOOK PLACE OR COMMITTED, AND ABUSE TO AN ELDERLY TOOK PLACE, THE DEFENDING ATTORNEY DOES NOT HAVE FULL KNOWLEDGE OF WHAT TRANSPIRED.

PLAINTIFF IS DEPENDING UPON THIS COURT TO STATE THE AMOUNT OF THE CLAIM WHICH PLAINTIFF IS ENTITLED TO.

PLAINTIFFS OBJECTS THAT THE CLAIM IS BARRED BY APPLICATION STATUTES OF LIMITATION, PLAINTIFF HAS NOT EXCEEDED STATUED OF LIMITATION, WHEN ONES DISCOVERED DAMAGES THAT WHEN STATUE OF LIMITATION STARTS, PLAINTIFF FILES THE ALLEGATIONS ON TIME.

PLAINTIFF OBJECTS THAT BALANCE SHOULD BE OFFSET BECAUSE DEFENDANT FINANCED A LEMON CAR WITH HIGH MILAGE OF 87158 WITHINTEREST OF 21% PLAINTIFF EXPERIENCED SEVERAL BREAKDOWNS EVEN TO THE EXTENT OF A NEW ENGIENEWAS PLACED IN, BUT WHEN ENGIENE WAS PUT IN, THE CAR STILL WAS NOT WORKING.

PLAINTIFF OBJECTS TO STATEMENT THAT CLAIM IS ESTOPPE, WAIVER, UNCLEAN HANDS ,LASHES, FAITH AND EQUITABLE DEFENSES . DUE TO DEFENDANT'S ACTION PLAINTIFF HAS DUFFERED LOSS, ABUSED, VIOLATED, SUFFERED LOSS, PAIN, THEREFORE, ACTION IS PROPER AND IS NOT BARRED.

PLAINTIFF CLAIMS ALLEGATIONS ARE ALL FACTS AND THERE IS NO OMMISSION IN THE COMPLAINTS, AND HAS NO LACHES.

PLAINTIFF CONDUCT IS NOT JUSTIFIED OR PRIVILEGED.

PLAINTIFF OBJECTS TO STATEMENTS THAT CALLS WERE ASSUMED, CALLS WERE MADE' CALLS BECAME UNBEARABLE THAT PLAINTIFF HAD TO REPORT TO FEDERAL DRATE COMMISSION AND CONSUMER PROTECTION BEREAU , DEFENTANT ADMITSTHAT CALLS WERE MADE , LETTER IS FILED WITH THIS COURT.

PLAINTIFF OBJECTS THAT HE HAS WAIVED ALL CLAIMS, RIGHTS AND DEMANDS MADE BY THESE COMPLAINTS, DEFENDANT MUST SUBMIT PROOF OF THESE FACTS.

PLAINTIFF OBJECTS THAT CLAIMS ARE BARRED BY DEFENDANT's CONDUC ACCORDING TO THE PROVISION OF F.C.C REGULATION, INCLUDING WITHOUT LIMITATION ACCORDING TO THE SAFE HABOR LAW PROVISION OF 47 C.F.R. 64.1200.

PLAINTIFF OBJECTS THAT TELEPHONE PROTECTION ACT VIOLATES THE FIRST ADMENDANT TO THE U.S. CONSTITUTION AND TEXAS LAW CONSTIUTION, TEXAS LAW IS NOT ABOVE THE US SUPREME COURT LAW AND THE CONSTUTION LAW.

PLAINTIFF OBJECTS THAT FINES SOUGHT ARE NOT IN EXCESSFINES OF CLAUSE OF THE EIGHT AMEDMENT AND ADMENMENT OF THE UNITED STATES CONSTITUTION.

PLAINTIFF OBJECTS TO STATEMENT THAT HE FAILED TO CARE AND PROTECT HIMSELF TO AVOID INJURY AND INJURY, PLAINTIFF PROTECTED HIMSELF, DEFENDANT HAS NO PROOF THAT PLAINTIFF HAS NOT PROCTED HINSELF, PLAINTIFF WAS HARRESED, ABUSED AS AN ELDERLY, EMOTIONAL DISTRESS WAS CAUSED , HUMAN RESOURCES CODE 1002.003 WAS VIOLATED, FAIR DEBT COLLECTION PROTECTION ACT WAS VIOLATED, MENTAL ANGUISH WAS CAUSED, DEPRESSION WAS CAUSED, DUE TO NUMEROUS

CALLS,  BLAINTIFF  SUFFERS  WITH HOGH BLOOD, HIS PRESURE WAS RAISED, DUE TO NUMEROUS CALLS
BY DEFENDANT, ALSO PLPLAINTIFF'S  CREDIT WAS DAMAGED.

PLAINTIFF OBJECTS THAT DEFENDANT ACTED IN GOOD FAITH

PLAINTIFF GAVE DEFENDANT A CHANCE TO RESOLVE THE MATTER, ATTORNEY ASKED PLAINTIFF  HOW
MUCH HE WOULD ACCEPT TO RESOLVE THE ISSUE , PLAINTIFF INFORMED THE DEFENDANT'S ATTORNEY
THAT HE SHOULD SPEAK TO DEFENDANT TO MAKE AN OFFER, THIS CONVERSION TRANSPIRED AFTER
COURT SESSION ON 11/4/ 2016, TO THIS DATE PLAINTIFF HAS NOT HEARD FROM DEFENDANT . 11/15/
2016.

PLAINTIFF PRAYS THAT THE HONORABLE JUDGE GRANT RELIEF, GRANT MOTION FOR DEFAULT
JUDGEMENT AND GRANT RELIEF AND EQUITY FOR WHICH PLAINTIFFIS ENTITLED TO, DEFENDANT HAD
KNOWLEDGE ABOUT THE LAWSUIT, BUT FAILED TO ANSWER, IT TOOK DEFENDAND  13 TH MONTHS
LATER TO ANSWER THE LAWSUIT, WHEN THE LAW REQUIRES THAT A REPLY OR ANSWER TO A LAWSUIT
SHOULD BE GIVEN IN 30 DAYS AFTER A SUIT IS FILED THEREFORE PLAINTIFF IS ENTITLED TO DEFAULT
JUDGEMENT.

RESPECFULLY SUBMITTED

PATRICK CHARLES

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT I HAVE SERVED A COPY OF THE FOREGOING DOCUMENT BY HAND DERLVERY TO
DEFENDANT ATTORNEY REID MANLEY

PATRICK CHARLES

PATRICK CHARLES