**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Patrick Charles, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 4:16-CV-03480 |
| Exeter Finance Corp., | § | |
| *Defendant.* | § | |

## Summary Judgment Memorandum and Recommendation

Before the court is defendant's motion for summary judgment. Dkt. 43. For reasons explained below, this motion should be granted.

## Background

Plaintiff purchased a vehicle from a car dealership on December 31, 2011. That same day, plaintiff's contract was assigned to defendant, and defendant became the assignee-creditor of plaintiff's contract. Plaintiff fell behind on payments in 2012. As a result, defendant frequently called plaintiff to notify plaintiff of his delinquency and to request payment. On September 25, 2013, plaintiff notified defendant in writing that he no longer wished to be contacted, and plaintiff's account was placed on cease and desist status. However, defendant continued to contact plaintiff.

Plaintiff now brings this suit and alleges defendant violated (1) the Fair Debt Collection Practices Act ("FDCPA"), (2) the Texas Debt Collection Act ("TDCA"), (3) the [Texas] Human Resources Code, and (4) the Social Security Act.[1]

## Standard of Review

---

[1] Plaintiff also asserts other claims in his complaint that are not valid causes of action. *See* Dkt. 1-3 at 2.

Summary judgment is appropriate if no genuine disputes of material fact exist, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The party moving for summary judgment has the initial burden of proving there are no genuine disputes of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). Dispute about a material fact is "genuine" if the submitted evidence could lead a reasonable jury to find for the nonmoving party. *In re Segerstrom*, 247 F.3d 218, 223 (5th Cir. 2001). "An issue is material if its resolution could affect the outcome of the action." *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.*, 290 F.3d 303, 310 (5th Cir. 2002). In determining whether a genuine dispute of material fact exists, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

## Analysis

Defendant moves for summary judgment on the grounds that (1) it is a creditor, and therefore not subject the FDCPA, and in the alternative, any FDCPA claim is barred by the one-year statute of limitations; (2) the TDCA does not apply because all of the facts alleged by plaintiff fall outside the two-year statute of limitations; and (3) the Human Resources Code is inapplicable because it only applies to nursing homes, home healthcare, and similar service providers.

*FDCPA*. Plaintiff alleges defendant violated the FDCPA by (1) making abusive, harassing, and oppressive telephone calls, and (2) contacting him after his account was placed on cease and desist. Dkt. 1-3 at 6-7. These claims fail because the FDCPA is

applicable to debt collectors and not creditors such as defendant. *See* 15 U.S.C. § 1692(e). A debt collector collects debts owed or due to another, and the term "do[es] not include the consumer's creditors, a mortgage servicing company, or an assignee of debt, as long as the debt was not in default at the time it was assigned." *See* 15 U.S.C. § 1692(a)(6); *see also Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985). Defendant was attempting to collect a debt on its own behalf as the *assignee creditor* of plaintiff's contract, and plaintiff's account was not in default at the time it was assigned to defendant. Therefore, the FDCPA is inapplicable because defendant is a creditor, and not a debt collector.

In addition, claims brought under the FDCPA must be brought within one-year from the time the cause of action accrues. *See* 15 U.S.C. § 1692k(d). Plaintiff filed this suit on September 11, 2015. Thus, any FDCPA violation committed by defendant must have occurred on or after September 11, 2014—one-year prior to plaintiff filing this suit. It is undisputed that the last time defendant contacted plaintiff regarding this debt was on December 14, 2013. Dkt. 1-3 at 10; Dkt. 43 at 5. Therefore, none of defendant's alleged violations fall within the FDCPA's one-year statute of limitations, and plaintiff's FDCPA claims are time-barred.

For these reasons, there is no genuine dispute as to whether defendant violated the FDCPA, and defendant is entitled to judgment on these claims.

***TDCA***.[2] Under the TDCA, a debt collector[3] may not harass, oppress, or abuse any person in connection with the collection of a debt. *See* Tex. Fin. Code 392.302. "Causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number" is a form of harassment under the TDCA. *Id*. While there is little Texas or Fifth Circuit precedent on what conduct rises to the level of "intent to harass," "courts generally require both a great volume of phone calls and extenuating circumstances, such as making those calls at odd hours or threatening personal violence." *Robinson v. Wells Fargo Bank, N.A.*, 576 F. App'x 358, 362 (5th Cir. 2014).

Plaintiff alleges defendant's phone calls were abusive, oppressing, and violent. Dkt. 1-3 at 5. Between September 2012 and December 2013, defendant called plaintiff 111 times—sometimes as early as 8:08am and as late as 8:41pm. Dkt. 51 at 3-11. This is clearly a great volume of phone calls. Further, these were "odd" and inappropriate hours[4] to call plaintiff—especially since defendant knew plaintiff was elderly and facing medical issues while recovering from surgery. *See* "Activity Notes", Dkt.51 at 5-7. Plaintiff's age or illness does not excuse his obligation to defendant, but they are factors defendant was aware of when repeatedly calling plaintiff. This evidence in combination is sufficient to enable a reasonable jury to find that the telephone calls were made with the requisite

---

[2] Plaintiff does not clearly state why defendant is liable under the TDCA, therefore the court will assume plaintiff is asserting the same violations he asserted under the FDCPA.
[3] Unlike the FDCPA, creditors are included in the term "debt collector" under the TDCA. *See* Tex. Fin. Code 392.301(a)(6).
[4] Although not addressed in the Texas statute, debt collectors are prohibited from contacting consumers before 8 a.m. and after 9 p.m. under the FDCPA. *See* 15 U.S.C. § 1693(a)(1).

intent to harass plaintiff. Accordingly, the court finds that there is a genuine dispute as to whether defendant violated 392.302 of the TDCA. Nevertheless, this claim is time-barred.

TDCA claims are governed by a two-year statute of limitations. TEXAS TORTS & REMEDIES § 47.01 (2010). Unlike the FDCPA, there is no authority that suggests the continuing tort doctrine, or the continuing violations theory applies to the TDCA. *See McCartney v. CitiFinancial Auto Credit, Inc.*, No. 4:10-CV-424, 2010 WL 5834802, at *7 (E.D. Tex. Dec. 14, 2010). Thus, conduct outside of the statute of limitations is not to be considered, and plaintiff is only entitled to relief for unlawful conduct occurring on or after September 11, 2013—two years prior to plaintiff filing this suit. Defendant contacted plaintiff three times by phone on September 11, 2013 (Dkt. 51 at 9), once by letter on November 5, 2013 (Dkt. 1-3 at 17), and three times by phone again in December 2013 (Dkt. 51 at 11). Six phone calls over a three-month span do not amount to harassment under the TDCA. *See Dominguez v. Receivables Performance Mgmt.*, No. EP-13-CV-117-PRM, 2014 WL 2112123, at *3 (W.D. Tex. Apr. 29, 2014). Therefore, there is no evidence that defendant violated the TDCA from September 11, 2013 to September 11, 2015, and defendant is entitled to judgment on this claim.

In contrast to the FDCPA, only conduct exclusively enumerated in the TDCA is prohibited conduct. *See Bingham v. Nationstar Mortg. LLC*, No. 4:14-CV-2413, 2015 WL 12532480, at *4 (S.D. Tex. Oct. 9, 2015) ("The TDCA prohibits certain enumerated debt collection methods."). There is no violation under the TDCA for contacting a consumer after his or account is placed on cease and desist. Therefore, this claim also fails.

***Texas Human Resources Code***. Plaintiff alleges defendant is liable under section 102.003 of the Texas Human Resources Code because defendant exploited plaintiff by taking advantage of his old age, his bad credit, and the fact he was stranded without a car to drive. Dkt 1-3 at 3. Section 102.003 applies to individuals and entities "providing convalescent and nursing home services, home health services, or alternate care services." Tex. Hum. Res. Code § 102.001(4), 102.003. Defendant is an indirect automobile finance company, and there is no evidence to establish defendant's liability under this statute. Therefore, there is no genuine dispute as to whether defendant violated the Texas Human Resources Code, and defendant is entitled to judgment on this claim.

***Social Security Act***.[5] Plaintiff briefly mentions defendant violated 42 U.S.C. Chapter 7—the Social Security Act. Dkt. 1-3 at 9. Not only does plaintiff fail to provide facts to support this contention, this statute, like the Texas Human Resources Code, is inapplicable to defendant. 42 U.S.C. Chapter 7, specifically subchapter XVIII, concerns only health insurance for the elderly. It is clear this is inapplicable to defendant, and therefore defendant is entitled to judgment on this claim.

## Conclusion and Recommendation

For these reasons defendant is entitled to summary judgment on all of plaintiff's claims. Thus, its motion should be granted.

The parties have 14 days from service of this memorandum and recommendation to file written objections. Failure to timely object will preclude appellate review of factual findings or legal conclusions, except for plain error. FED. R. CIV. P. 72.

---

[5] Defendant does not address this claim.

Signed at Houston, Texas, on December 20, 2017.

Stephen Wm Smith
United States Magistrate Judge